IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Lawrence Lamont Ingram, | ) | C/A No. 9:19-645-TMC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Byrant P. Stirling, Anita | ) | |
| Scarborough, and Appapara Desai | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Plaintiff, Lawrence Lamont Ingram, a state inmate proceeding pro se, filed this action alleging claims pursuant to 42 U.S.C. § 1983. (ECF No. 1).[1] By order dated May 10, 2019, the magistrate judge gave Plaintiff an opportunity to provide the necessary information and paperwork to bring this case into proper form for evaluation and possible service of process, and to correct deficiencies in his pleading. (ECF No. 9). After Plaintiff did not respond to the order and the time to do so had run, the magistrate judge entered a report and recommendation ("Report") recommending that the court dismiss this case, without prejudice, for failure to prosecute pursuant to Rule 41 of the Federal Rules of Civil Procedure. (ECF No. 12). Plaintiff was advised of his right to file objections to the Report. *Id.* at 4. Rather than file objections, Plaintiff has filed a motion for the appointment of counsel. (ECF No. 14).

The Report has no presumptive weight and the responsibility to make a final determination in this matter remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). In the

---

[1]In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2), D.S.C., all pre-trial proceedings were referred to a magistrate judge.

absence of objections, this court is not required to provide an explanation for adopting the Report. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal the district court's judgment based upon that recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

As noted above, instead of filing objections or complying with the court's prior proper form order, Plaintiff filed a motion for the appointment of counsel. (ECF No. 14). "[I]n civil actions the appointment of counsel should be allowed only in exceptional cases." *Cook v. Bounds*, 518 F.2d 779 (4th Cir.1975) (citation omitted). An exceptional circumstance exists if a "pro se litigant has a colorable claim but lacks the capacity to present it." *Gordon v. Leeke*, 574 F.2d 1147, 1153 (4th Cir. 1978). This is not one of those exceptional cases justifying the appointment of counsel. *See Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984) (noting that power to appoint counsel is discretionary), disapproved on other grounds by *Mallard v. United States Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296, 300 (1989). In his motion, Plaintiff alleges that he cannot afford counsel and he has made repeated efforts to obtain counsel. (ECF No. 14 at 1). He also contends that his claims are complex and that his incarceration limits his access to a law library and ability to research and investigate. *Id.* While the court expresses no opinion as to the merits of Plaintiff's claims, it

appears from his filings that Plaintiff has the capacity to present them. (ECF Nos. 1, 14). Accordingly, the court declines to appoint counsel for Plaintiff.

After a thorough review of the Report and the record in this case, the court adopts the Magistrate Judge's Report (ECF No. 12) and incorporates it herein. Accordingly, this action is **DISMISSED without prejudice**. Additionally, Plaintiff's motion to appoint counsel (ECF No. 14) is **DENIED.**

**IT IS SO ORDERED**.

s/Timothy M. Cain
United States District Judge

July 23, 2019
Anderson, South Carolina

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within the time period set forth under Rules 3 and 4 of the Federal Rules of Appellate Procedure.